UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

CHRISTOPHER L. PIKES     DOCKET NO: 15-CV-2262; SEC. P

VERSUS     JUDGE DRELL

DEBRA COWAN, ET AL.     MAGISTRATE JUDGE PEREZ-MONTES

## REPORT AND RECOMMENDATION

Before the Court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff Christopher L. Pikes, filed *in forma pauperis*. Plaintiff is incarcerated at the Concordia Parish Correctional Facility in Ferriday, Louisiana. He complains of the deprivation of adequate medical care and unconstitutional conditions of confinement. He names as defendants the Concordia Parish Correctional Facility, Nurse Debra Cowan, and Warden Lance Moore.

This matter has been referred to the undersigned for review, report and recommendation pursuant to 28 U.S.C. §626 and a standing order of this Court.

### *Factual Allegations*

Plaintiff alleges he was booked into Concordia Parish Correctional Facility on July 16, 2015. He was medically processed by Nurse Debra Cowan, who asked Plaintiff if he had any physical or mental health issues. [Doc. #1, p.5] Plaintiff responded that he suffered from "stomach issues, heart issues, blood sugar issues, muscle pain issues, bone pain issues, a hearing issue in my left

ear, and a blood pressure issue." [Doc. #5, p.3] He claims that he has not been provided the adequate medical care that he received from his outside physician.

Plaintiff also complains that he had to sleep on a mattress on the floor for approximately one month due to overcrowding.

## Law and Analysis

When a prisoner files an *in forma pauperis* civil action seeking redress from a governmental entity or officer or employee of a governmental entity, the Court is obliged to evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§1915(e)(2) and 1915A; Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990).[1]

A claim is frivolous if it lacks an arguable basis in law or in fact. Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the Court must

---

[1] As used in § 1915A, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. §1915A(c).

assume that all of Plaintiff's factual allegations are true. See Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998).

A hearing need not be conducted for every pro se complaint. Wilson v. Barrientos, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. See Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir. 1986). District courts must construe in forma pauperis complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. See Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir.1994).

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court confirmed that the Plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face" to withstand a Rule 12(b)(6) motion. See Iqbal, supra. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Facial plausibility "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quoting Twombly, 550 U.S. at 555). There must

3

be more than a sheer possibility that a defendant has acted unlawfully. See Twombly, 550 U.S. at 556.

Plaintiff was ordered to amend his complaint to provide specific factual allegations to support his claim that his constitutional rights were violated. Specifically, Plaintiff was to provide:(1) the name of each person who violated his constitutional rights; (2) a description of what each person did to violate his constitutional rights; (3) the place and date(s) that each event/violation occurred; and (4) a description of the injury suffered as a result of each alleged violation.

Plaintiff's amended complaint alleged that Nurse Debra Cowan ignored his cry for help. However, Plaintiff failed to provide any dates on which he allegedly requested and was denied Cowan's help.

As for Warden Moore, Plaintiff did not provide any factual allegations involving a constitutional deprivation by this defendant. Plaintiff only claimed that Warden Moore failed to respond to his grievance. However, an inmate has no constitutional right to a grievance procedure, and he has no due process liberty interest in having his grievance resolved to his satisfaction. See Geiger v. Jowers, 404 F.3d 371, 374-75 (5th Cir. 2005). Moreover, the failure of a prison official to follow the prison's own regulation or policy regarding responding to grievances does not amount to a constitutional violation. See Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986).

In his amended complaint, Plaintiff presented a new claim alleging that he was deprived of adequate medical care after a physical altercation with other inmates on October 17, 2015. [Doc. #10, p.7] He claims that he should have been transported to the hospital. Instead, he was treated by the nurse and doctor at the correctional center. [Doc. #10, p.3] Plaintiff also complains that he was only administered ibuprofen and ice.

It is unclear whether Plaintiff is a pretrial detainee or a convicted prisoner. Convicted prisoners' rights to constitutional essentials like medical care and safety are guaranteed by the Eighth Amendment, while pretrial detainees look to the procedural and substantive due process guarantees of the Fourteenth Amendment to ensure provision of these same basic needs. See Bell v. Wolfish, 441 U.S. 520 (1979). Under Fifth Circuit jurisprudence, in order to determine the appropriate standard for analysis of constitutional challenges brought by pretrial detainees under § 1983, courts are directed to first to classify the challenge as either an attack on a "condition of confinement" or as an "episodic act or omission." Flores v. County of Hardeman, Tex., 124 F.3d 736, 738 (5th Cir. 1997)(citing Hare v. City of Corinth, Miss., 74 F.3d 633, 644 (5th Cir. 1996)). When a detainee complains of conditions of confinement, the constitutional challenge is to the "general conditions, practices, rules, or restrictions of pretrial confinement." Hare, 74 F.3d at 644. On the other hand, complaints

5

of episodic acts or omissions point to particular acts or omissions of one or more officials, and the Court's analysis focuses on "whether [the] official breached his constitutional duty to tend to the basic human needs of persons in his charge." Id. at 645. In this case, Plaintiff complains about episodic acts and omissions rather than general conditions.

Therefore, to the extent that Plaintiff is a detainee, he must allege that the officials acted with "deliberate indifference" to his health and safety. Hare, 74 F.3d at 647-48. If Plaintiff is a convicted prisoner, the deliberate indifference standard under the Eighth Amendment applies, as well. Thus, regardless of whether Plaintiff is a pretrial detainee or a convicted inmate, he must show deliberate indifference by the Defendants.

A prison official acts with deliberate indifference to serious medical needs if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994); see Reeves v. Collins, 27 F.3d 174, 176-77 (5th Cir. 1994) (applying Farmer to medical care claim). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. See Estelle v. Gamble, 429 U.S. 97, 105-6 (1976). "Subjective recklessness," as used in the criminal law, is the appropriate test

6

for deliberate indifference. See Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997)(citing Farmer, 511 U.S. at 838-40).

Therefore, to state a claim for deliberate indifference, a Plaintiff must allege that Defendants refused to treat him, purposefully gave him improper treatment, ignored his medical complaints, "or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006)(internal quotation marks and citation omitted). Even unsuccessful treatment, medical malpractice, and acts of negligence do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. See id. Plaintiff was treated by the physician and nurse, and he was provided medication and ice for his injuries. Although he disagrees with the course of treatment prescribed, this does not state a claim for the unconstitutional deprivation of medical care.

Plaintiff also claims in the amended complaint that he suffers from stomach pain; and, after taking Zantac for one month, the top part of his stomach hurt worse than the bottom part. He concludes that he should have been prescribed a different medication. Again, Plaintiff has alleged a disagreement with his diagnosis and treatment, which does not support a claim of deliberate indifference. See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995). Plaintiff has not alleged that prison officials refused to

7

treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.

Plaintiff complains that he had to sleep on a mattress on the floor for approximately one month, resulting in general body stiffness. Sleeping on a mattress on the floor for one month is not, objectively, sufficiently serious resulting in the "...denial of the minimal civilized measures of life's necessities." Palmer v. Johnson, 193 F.3d 346, 352 (5th Cir. 1999)(internal quotation marks and citation omitted). Plaintiff did not face a substantial risk of serious harm in the constitutional sense from sleeping on a mattress on the floor for one month. There are no allegations of any egregious deprivation so inhumane as to give rise to a constitutional violation. Plaintiff complains of mere discomfort, which is insufficient. See Rhodes v. Chapman, 452 U.S. 337, 349 (1981).

Finally, to the extent that Plaintiff names the correctional facility as a defendant, his claim fails. A jail is not a legal entity capable of being sued; it is a building. See Jones v. St. Tammany Parish Jail, 4 F.Supp.2d 606, 613 (E.D.La. 1998); see also Blunt v. Bowles, 1997 WL 527322 (N.D.Tex. 1997)(citing Darby v. Pasedena Police Department, 939 F.2d 311, 313-14 (5th Cir.1991)).

### *Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's

complaint be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and 1915A.

*Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 4th day of January, 2016.

**Hon. Joseph H.L. Perez-Montes**
**United States Magistrate Judge**